UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 19 CR. 225 (RBW) |
| v. | : | |
| AHMED KHIDIR EL KHEBKI | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT
MOTION *IN LIMINE* TO PRECLUDE CROSS-EXAMIMNATION
AND LEAVE TO FILE ONE BUSINESS DAY OUT OF TIME**

**INTRODUCTION**

In advance of the originally scheduled sentencing in this case, the Government filed a *Motion In Limine* seeking to preclude cross-examination of Homeland Security Special Agent Brendan Shelley concerning his false testimony before a grand jury in the United States District Court for the Eastern District of Virginia. DE 78. As explained herein, this cross-examination is authorized under the federal rules of evidence and the protections of the Sixth Amendment's Confrontation Clause, since it bears directly on credibility. Davis v. Alaska, 415 U.S. 308, 316 (1974)("[c]ross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested"). Contrary to the Government's assertion, the potentially probative value of this impeachment far outweighs any risk of prejudice and/or confusion because this matter will be presented to the Court for resolution of the witness' credibility. [1]

**SUMMARY OF FACTS**

The defense has information in its possession which demonstrates that during a grand

---

[1] The defense Opposition was due to be filed on December 12, 2023. Undersigned was unable to complete the Opposition in a timely fashion and review it with his client. Accordingly, this Opposition is being filed one day out of time. During the very early hours of December 12, 2023, undersigned advised the prosecutors via email that the Opposition would be filed today.

1

jury appearance in December of 2011, HSI Special Agent Shelley falsely testified concerning the contents of two agency Reports of Investigation. The Special Agent made specific reference to these reports, but they apparently do not exist. The grand jury testimony was used to secure a criminal Indictment in the United States District Court for the Eastern District of Virginia and the subsequent extradition of the defendant to the United States.

The defense attorney in that case brought the false testimony to the attention of the prosecutors and judge (the Honorable Leonie Brinkema), who then ordered disclosure of the grand jury testimony. The issue of the alleged false statements was not further resolved by the Court.

The Government stated that in its *Motion In Limine*, that the "allegations were investigated and found to be utterly without merit." Gov. Motion at p. 3. The prosecutors did not explain with any detail the process by which this unequivocal conclusion was reached, but it is irrelevant to the decision before this Court – which needs to make its own decision - concerning the scope of cross-examination and the credibility of witnesses.

**LEGAL ANALYSIS**

The Sixth Amendment to the Constitution guarantees an accused the right to "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." In Mattox v. United States, 156 U.S. 237, 243 (1895), the Supreme Court specifically held that the Confrontation Clause guarantees the defendant the right to, *inter alia*, cross-examine witnesses who testify against him in order to allow the fact finder to assess the credibility of a witness by observing that witness's behavior. This constitutional guarantee is memorialized in part in Federal Rule of Evidence 608, which provides that the Court may allow

questions concerning "specific instances of a witness's conduct . . . . if they are probative of the character for truthfulness or untruthfulness" of the witness."

In this case, if Agent Shelley testifies during the contested sentencing, the defense intends to ask him only the following type of questions:

1. Isn't it true that you testified falsely under oath before a grand jury in the United States District Court for the Eastern District of Virginia in December of 2011.
2. Isn't it true that you testified before the grand jury concerning the contents of two HSI Reports of Investigation and that in fact, those reports do not exist.
3. Isn't it true that your testimony before the grand jury was used to return a criminal indictment in the Eastern District of Virginia.
4. Are you aware that your false testimony was later relied upon by a federal prosecutor and another Homeland Security special agent to request the extradition of that defendant.

These questions go directly to the Agent's credibility. This Court should reject the Government's argued that such questions would be "collateral" to any issue involving Agent Shelly's testimony. See Gov Motion at p. 3. Likewise, the questions would not be confusing or cumulative to any other cross-examination and would not be likely to confuse this Court in rendering its decision.

Moreover, the defense does not intend to introduce "extrinsic evidence" to prove that the testimony was false if Agent Shelley denies the allegation. Thus, the Government's arguments that such cross-examination would violate the federal rules of evidence should be rejected.

There is no principled argument that testifying falsely under oath is not probative as to the issue of credibility. In United States v. Cole, 617 F.2d 151, 154 (5th Cir. 1980), for example, the Government confronted the defendant during cross-examination that he had submitted a false excuse for missing work. The Court of Appeals rejected the argument that such impeachment violated Rule 608(b):

> When questioned about the incident, [the defendant] admitted submitting a false excuse and no extrinsic evidence was introduced. Clearly, this kind of cross-examination is

3

permissible under Rule 608(b), subject to the sound discretion of the trial court, which we do not think was abused in this case.

United States v. Cole, 617 F.2d 151, 154 (5th Cir. 1980). This principle applies with equal force to the facts of this case where the agent accused of testifying falsely under oath before a grand jury.

Undersigned counsel has more than a sufficient basis to conduct this limited cross-examination. In United States v. Pugh, 436 F.2d 222, 224 (1970), the Court of Appeals noted that:

> defense counsel cannot have a foundation in fact for all questions asked on cross examination and that a well reasoned suspicion that a circumstance might be true is sufficient. This may not be the soundest practice for a trial lawyer but the circumstances in which defense counsel finds his client in many criminal trials frequently make it necessary.

In this case, undersigned was present when the matter of Special Agent Shelley's false testimony was brought to the attention of the prosecutors in the United States District Court for the Eastern District of Virginia. The presiding judge in that case was also made aware of the allegation and as a result, ordered the disclosure of the grand jury minutes. The defense does not intend to ask Special Agent Shelley any of the details of his grand jury testimony – unless he should open the door to a wider scope of cross-examination. The purpose of the proposed cross-examination is not meant to annoy, harass or humiliate the special agent. Undersigned intends a limited inquiry that goes directly to credibility; this would be perfectly appropriate and necessary if Special Agent Shelley choses to testify. [2]

---

[2] This is not a "cynical" attempt to damage Special Agent Shelley's career. See Gov Motion at p. 3. This is cross-examination designed to challenge this witness' credibility and is classic impeachment. If the agent testified falsely before the grand jury then such conduct warrants an investigation. The Government did not provide any specifics as to how it was previously determined that the allegations were "utterly without merit," including who conducted the investigation, its scope, and whether any written findings were made. Nor did the Government offer to provide the Court with any such information.

The Government appears aggrieved that the defense advised that if Special Agent Shelley testified it would almost certainly result in a referral to HSI Office of the Inspector General. If the Agent admitted to the false testimony before the grand jury, then he would have admitted to perjury. If Agent Shelley denies testifying falsely, and in undersigned counsel's professional judgment, such denial was false, it would also warrant a referral. Undersigned advised the Government prior to the hearing of the possible consequences as a matter of professional courtesy. The defense is not obliged to disclose cross-examination, but undersigned made the disclosure to allow the Government – and its witness – to consider its options and to allow Special Agent Shelley time to retain counsel to advise him of his rights against self-incrimination.

In the final analysis, Special Agent Shelley can circumvent the possible consequences outlined in this memorandum by not testifying. That is a decision that rests with the prosecutors and the special agent himself.

## CONCLUSION

For all of the reasons set forth herein, the defense respectfully requests that this Court deny the Government's *Motion In Limine* and permit cross-examination of Special Agent Shelley if he testifies.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20008
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

5

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via ECF, to, MLARS Trial Attorneys Shai Bronthtein and Jonathan Baum, United States Department of Justice, 1400 New York Avenue, N.W.. Washington, D.C. this 12th day of December, 2023.

*Robert Feitel*

_____
Robert Feitel

In <u>Smith v. United States</u>, 390 U.S. 129 (1968), Supreme Court ruled that a trial court may exercise a reasonable judgment in determining when a subject of cross-examination was exhausted, and had a duty to protect witnesses from questions exceeding the bounds of proper cross-examination solely to harass, annoy, or humiliate them. For a trial to be fair, however, a trial court must give a cross-examiner reasonable latitude and cannot limit cross-examination in a way that would render it meaningless.